**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| **ALFRED WISMARD,** an Individual ) | CASE NO. |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| <u>Defendant.                                              </u> ) | |

## COMPLAINT

The Plaintiff, ALFRED WISMARD, an Individual, by and through his undersigned counsel and hereby files this Complaint against the UNITED STATES OF AMERICA upon the grounds set forth herein, and in support thereof, states as follows:

<u>**FACTUAL BACKGROUND**</u>

1. The Plaintiff, ALFRED WISMARD, was charged with owning a retail store that violated the Supplemental Nutrition Assistance Program (hereinafter referred to as "SNAP") regulations, found at 7 C.F.R. §§271-279. Specifically, Mr. Wismard's store, Winnie & Andrea, LLC, was charged with trafficking in SNAP benefits as defined under 7 C.F.R. §271.2.

2. Plaintiff Wismard was not, himself, alleged to have committed the violations, but rather as the owner of the store, was strictly liable for violations which occurred under his license.

3. At the outset of the administrative proceedings, the United States Department of Agriculture (hereinafter referred to as the "USDA"), through the Food and Nutrition Service (hereinafter referred to as "FNS") sent Plaintiff a "Charge Letter" pursuant to 7 C.F.R. §278.6 (and 7 U.S.C. §2021), alleging SNAP violations on the part of the retail store.

4. The Charge Letter did not contain any information about including the Plaintiff in the System for Awards Management Exclusion List in the event of a permanent disqualification.

5. The Plaintiff timely responded to the Charging Letter, wherein he and the store defended against the allegations and assured FNS that proper precautions and stricter training would be undertaken at the store. However, on July 24, 2019 the Defendant issued a letter determining that the alleged violations had occurred, and the Plaintiff was permanently disqualified from SNAP.

6. Unbeknownst to the Plaintiff, following the permanent disqualification, he was placed on the Exclusion List contained within the System for Award Management (hereinafter referred to as "SAM") as well as the list of excluded individuals/entities (hereinafter referred to as "LEIE").

7. The SAM is a governmentwide system of records which, *inter alia*, identifies individuals who have been excluded from participating in various federal programs. The system is administered by the General Services Administration ("GSA"). These excluded individuals are placed on the exclusion list contained within SAM (hereinafter referred to as the "Exclusion List"), which is available to the public via SAM's website. The purpose of this system is to exclude those persons from other Government participation.

8. LEIE is a database which solely contains exclusion actions taken by the Office of Inspector General ("OIG").

9. Pursuant to 2 C.F.R. §180.505, the Exclusion List is used by federal agency officials to determine whether to enter into a transaction with a person. A covered transaction in which

an excluded person may not be a participant in or principal of is a non-procurement[1] or procurement transaction.

10. A person on the Exclusion List, pursuant to 2 C.F.R. §180.130, with limited exceptions, "may not (a) be a participant in a Federal agency transaction that is a covered transaction; or (b) act as a principal of a person participating in one of those covered transactions."

11. The placement of an individual on the Exclusion List has severe negative effects on a person's liberty and property rights, and as such, a person must be forewarned when they are faced with the potential possibility of exposing themselves to the sanction of being placed on said list.  *See* U.S. Const.Amend. 5.

12. Despite the severe ramifications of being placed on the Exclusion List, the Defendant failed to provide notice of the possible Exclusion List sanction to the Plaintiff.  Defendant failed to provide notice to the Plaintiff regarding the consideration of the specific sanction, and further failed to provide notice to the Plaintiff of the actual issuance of the specific sanction (i.e. his actual placement on the Exclusion List).  Furthermore, Defendant provided Plaintiff with no recourse to appeal the issuance of the Exclusion List sanction.

13. The Plaintiff was a registered respiratory therapist employed by a hospital and other medical facilities.  Virtually every hospital and medical care facility in the country accepts Medicare or Medicaid, and is therefore bound by the regulations governing SAM, which, in turn, prohibit the Plaintiff's employment by function of the Exclusion List.

14. Effectively, the Plaintiffs' disqualification, which had no notice pertaining to the SAM list and in which he had no personal involvement, has prevented him from working in his actual

---

[1] Pursuant to 2 C.F.R. §180.970, non-procurement transactions consists of, but are not limited to, grants, cooperative agreements, scholarships, fellowships, contracts of assistance, loans, loan guarantees, subsidies, insurances, payments for specified uses, and donation agreements.

field of employment: healthcare.

15. As a direct result of being placed on the Exclusion List, Plaintiff's employment with the medical care provider was terminated, resulting in a loss of means of providing a livelihood for his family, as well as a loss of the family insurance and retirement plans which the employment provided.

16. Plaintiff's property rights, i.e. the right to work in the field in which he had been trained, as well as his liberty rights, i.e. the right to earn a living, were significantly and negatively affected as a direct result of being placed on the Exclusion List.

17. As the Exclusion List sanction resulted in the deprivation of Plaintiff's property and liberty rights, due process of law requires that notice of said sanction must have been provided to Plaintiff.  As no such notice was ever provided, Defendant deprived Plaintiff of his property and liberty rights without due process of law, in violation of the Fifth Amendment of the United States Constitution.

18. Therefore, this action is being commenced, wherein Plaintiff is seeking the reversal of the Defendant's administrative action in its issuance of sanctions, without proper notice and in violation of his procedural due process rights protected by the Fifth Amendment of the United States Constitution.

**JURISDICTION AND VENUE**

19. This action arises under the United States Constitution, particularly the Fifth Amendment (and to a lesser extent, the Fourteenth Amendment), and under federal law pursuant to 28 U.S.C. §1331; 42 U.S.C §1983.

20. The Plaintiff brings this action based upon the sanctions issued against him by Defendant relating to the Supplemental Nutrition Assistance Program, as codified by Congress in 7

U.S.C. §§ 2011 – 2036(c).

21. This Court has subject matter jurisdiction over the matters raised by the Plaintiff in this case pursuant to 7 U.S.C. §2023, and 7 C.F.R. §279.7. Furthermore, 28 U.S.C. §1331 gives this Court original jurisdiction over civil actions arising under the laws of the United States, for which the aforementioned statute and regulation qualify.

22. Venue is appropriate in this District pursuant to 7 C.F.R.§279.7(a), 7 U.S.C. §2023(13) and 28 U.S.C. §1391(b) as the Plaintiff resides in Davenport, Polk County, Florida, which is a part of the Middle District of Florida, Tampa Division.

**PARTIES**

23. The Plaintiff, Alfred Wismard, is a natural person and resident of Davenport, Florida.

24. The Defendant, the UNITED STATES OF AMERICA, acting through its agency, the United States Department of Agriculture (hereinafter referred to as the "USDA" or "Department"), and its subservice, the Food and Nutrition Service. The Defendant may be referred to herein as "the Government" or "the Department".

**GENERAL ALLEGATIONS**

25. The Supplemental Nutrition Assistance Program ("SNAP") is a government program operated pursuant to Title 7 United States Code, Chapter 51, and codified more specifically at 7 U.S.C. §§2011-2036(c).

26. The general purpose of SNAP is to provide food benefits (formerly "food stamps") to program participants who meet certain financial need requirements. SNAP participants are awarded benefits (money) issued on a state-by-state basis in varying amounts based upon the needs of their household. These benefits are transmitted to, and utilized by the participant, through an Electronic Benefits Transfer (EBT) card, which conceptually

functions similar to a debit card.

27. In turn, SNAP retailers are governed by the Defendant through 7 C.F.R. §278.6 which, in pertinent part, permits the disqualification or suspension of retailers who violate SNAP regulations. This statute also sets forth the applicable sanctions in the event a violation is found to have occurred. These sanctions consist of, *inter alia*, suspension or permanent disqualification from participation in the SNAP program as an authorized firm, and/or the issuance of a civil money penalty. *See* 7 C.F.R. §278.6; 7 U.S.C.A. §2021.

28. The Code and Regulations do not provide for the issuance of an Exclusion List sanction where a SNAP violation is determined to have occurred.

29. Nevertheless, the Government's Charge Letter and subsequent disqualification determination resulted in the Plaintiff's inclusion on the SAM Exclusion List.

30. As mentioned above, the Defendant failed to provide notice of the Exclusion List sanction to the Plaintiff both in the Charging Letter issued against the Plaintiff and the disqualification letter. Nowhere in any of the Defendant's correspondence was Plaintiff notified that he would be excluded from participation in all other Government related work, including in his primary occupation which is utterly unrelated to the ownership of the store.

31. Despite the lack of authority and lack of notice regarding the Exclusion List sanction, said sanction was still issued against the Plaintiff.

32. Plaintiff remained unaware of the issuance of the Exclusion List sanction until after the permanent disqualification letter was issued, wherein his employment (employment which was unrelated to SNAP) was terminated.

33. Finally, the Defendant exceeded its authority in 2 C.F.R. §180 and 2 C.F.R. §§400-422

by adding the Plaintiff to the SAM list.

    a. These regulations strictly control the Department of Agriculture's use of the Exclusion List.

    b. 2 C.F.R. §417 controls the circumstances under which the USDA may include someone on the Exclusion List, but only Suspensions and Debarments are included. Permanent Disqualifications issued by FNS are not part of the inclusion.

34. The Department's own analysis of whether or not it had authority to include the Plaintiff (and other permanently disqualified retailers) in the SAM list also acknowledged the absence of authority to do so. See Departmental Regulation 2280-001(8)(a):

> "Such inclusion [of permanently disqualified retailers on the Exclusion List] would require promulgation of an amendment to USDA's supplemental nonprocurement S&D regulations in 2 C.F.R. Part 417, and may also require the promulgation of amendments to agency disqualification regulations. If 2 C.F.R. Part 417 and the necessary agency disqualification regulations are amended to provide for inclusion of disqualified persons or entities in the SAM, agencies will work with OCFO to establish appropriate Exclusion Types to facilitate such listing."

35. Nevertheless, the Defendant proceeded with listing the Plaintiff on the Exclusion List, resulting in is loss of employment opportunities.

36. Such are the circumstances of this case. The Plaintiff was permanently disqualified by the Defendant, leading to their placement on the Exclusion List, in violation of their Fifth Amendment right to receive notice prior to the deprivation of their rights to liberty and property, and in excess of the Department's authority to utilize the SAM Exclusion List for this purpose.

## COUNT I: VIOLATION OF THE FIFTH AMENDMENT: PROCEDURAL DUE PROCESS RIGHTS

37. The Plaintiff incorporates and restates each and every paragraph set forth above as though

more fully set forth herein.

38. This Court has jurisdiction over Plaintiff's fair notice due process claim pursuant to the Fifth Amendment of the United States Constitution, which states that "no person shall be … deprived of life, liberty, or property, without due process of law" and as incorporated for application to states and their political subdivisions by the Fourteenth Amendment. *See* U.S. Const. Amend. V.

39. Due process requires that an individual receive adequate notice of the particular sanction being considered by the agency prior to the issuance of the sanction, and an opportunity to challenge the sanction. *See Funk v. Belneftekhim*, 861 F.3d 354, 369 (2d Cir. 2017); *See also Long v. Bd. of Governors of the Fed. Reserve Sys.,* 117 F.3d 1145, 1158 (10th Cir. 1997).

40. The sanctions which an individual and/or entity may be subjected to if found to be in violation of the SNAP program are set forth within 7 C.F.R. §278.6.  These sanctions consist of suspension and/or disqualification from the program, and/or the issuance of a civil monetary penalty – absent from said list is the sanction of being placed on the Exclusion List.  As such, the placement on the Exclusion List of Plaintiff following his disqualification from the program was done without any notice whatsoever and in a complete violation of the rights afforded to him by the Fifth Amendment of the United States Constitution.

41. Here, the Plaintiff never received notice of the Exclusion List sanction prior to the issuance of it.  Nowhere in the SNAP regulations, the FNS Charging Letter issued against the Plaintiff, or the disqualification letter issued against the Plaintiff, was the Plaintiff ever provided notice of the possible Exclusion List sanction.

42. Furthermore, Plaintiff never even received notice from Defendant that he was, in fact, placed on the Exclusion List following her disqualification from the SNAP program.

43. As a direct result of being placed on the Exclusion List, Plaintiff's liberty and property rights were deprived, without notice. Plaintiff was terminated from his employment in the health field, enduring a loss of means to provide a livelihood for his family, a loss of the family insurance, a loss of her retirement plans, and a bar to future employment where "covered transactions" under SAM are concerned.

44. Thus, Plaintiff's liberty and property rights, which are protected by the Due Process Clause of the Fifth Amendment, were violated, without notice.

45. Additionally, the substantial private interests affected by the Defendant's action and the high risk of erroneous deprivation of Plaintiff's property and liberty interests as a result of being placed on the Exclusion List, substantially outweigh the Defendant's de minimis interest in its' existing regulations and procedures.

46. As a direct result of being placed on the Exclusion List, Plaintiff's liberty and property rights, which are protected by the Due Process Clause of the Fifth Amendment, were violated.

47. Therefore, Plaintiff is entitled to such relief as this Court may deem just and proper, including, but not limited to, the relief requested herein, the removal of Plaintiff from the Exclusion List, and the costs and expenses of this action, including Plaintiff's reasonable attorneys' fees.

**WHEREFORE**, the Plaintiff respectfully asks this Court to enter Judgment finding Defendant to be in violation of the Fifth Amendment of the United States Constitution by issuing the Exclusion List sanction against Plaintiff, without notice, as well as awarding Plaintiff the costs

and expenses of this action, including Plaintiff's reasonable attorneys' fees.

## COUNT II:   DEFENDANT EXCEEDED ITS AUTHORITY

48. The Plaintiff restates paragraphs 1-36 as though fully set forth herein.

49. As was held in the recent case *Morrar vs. United States,* 2:19-cv-833, Doc 28 (E.D. CA 2019) (attached hereto as **Exhibit A**), the Defendant's action of adding a permanently disqualified store owner on the SAM Exclusion List exceeded its authority.

50. Such are the circumstances here, where without notice or right, the Defendant utilized the Exclusion List without proper promulgation as required by 2 C.F.R. §180, and without proper authority under 2 C.F.R. §417.

51. Without authority or right, the Defendant's use of the list in this case is inappropriate and should be reversed.

52. Therefore, Plaintiff is entitled to such relief as this Court may deem just and proper, including, but not limited to, the relief requested herein, the removal of Plaintiff from the Exclusion List, and the costs and expenses of this action, including Plaintiff's reasonable attorneys' fees under the Administrative Procedure Act.

**WHEREFORE**, the Plaintiff, ALFRED WISMARD, respectfully requests this Honorable Court enter Judgment against the United States Department of Agriculture, and issue a mandate requiring the Defendant to remove the Plaintiff from the SAM Exclusion List, in addition to such other awards of attorney's fees and costs, and other relief as the Court deems necessary and proper.

Dated: September 5th, 2019                              Respectfully submitted,

                                                                            **METROPOLITAN LAW GROUP, PLLC**

                                                                            *Andrew Z. Tapp*

                                                          **ANDREW Z. TAPP, ESQ.**
                                                          Florida Bar No.: 68002
                                                          1971 W. Lumsden Road, #326

Brandon, Florida 33511-8820
(813) 228-0658
Andrew@Metropolitan.Legal
LaJeana@Metropolitan.Legal

**COUNSEL FOR PLAINTIFF**